**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5013**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

TIMOTHY LEROY NIXON,

        Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:08-cr-00008-RLV-DSC-1)

Submitted: September 23, 2010      Decided: October 1, 2010

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael E. Archenbronn, LAW OFFICE OF MICHAEL E. ARCHENBRONN, Winston-Salem, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Mark A. Jones, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Leroy Nixon appeals his jury convictions and 180-month sentence for one count each of: (i) possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (2006); (ii) using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2006); and (iii) possession of a firearm in and affecting commerce by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). Nixon asserts that the district court erred when it denied his motion to suppress the fruits of a warrantless police search on his vehicle, allowed evidence of other bad acts, allegedly in violation of Fed. R. Evid. 404(b), failed to grant his motion for a mistrial, and denied his motion for judgment of acquittal on his § 924(c) conviction. Because we disagree, we affirm the district court's judgment.

In reviewing the district court's denial of Nixon's suppression motion, we review the district court's factual determinations for clear error and any legal determinations de novo. United States v. Kelly, 592 F.3d 586, 589 (4th Cir.), cert. denied, 130 S. Ct. 3374 (2010). Because the district court denied Nixon's motion, we construe the evidence "in the light most favorable to the government." Id.

2

The Fourth Amendment guarantees "the right of the people to be secure . . . against unreasonable searches and seizures . . . ." U.S. Const. amend. IV. This guarantee requires that "searches be conducted pursuant to a warrant issued by an independent judicial officer." California v. Carney, 471 U.S. 386, 390 (1985). There are "a few specifically established and well-delineated exceptions[,]" however. California v. Acevedo, 500 U.S. 565, 580 (1991) (internal quotation marks and citations omitted).

For instance, it is undisputed that the officers were within their rights to conduct the vehicle checkpoint during which Nixon was detained. See City of Indianapolis v. Edmond, 531 U.S. 32, 37-38 (2000) (reaffirming that a "roadblock with the purpose of verifying drivers' licenses and vehicle registrations would be permissible"). Moreover, officers asked Nixon for consent to search his person and the record establishes that Nixon voluntarily agreed. See Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973) (recognizing that consent is an exception to the warrant requirement).

Nixon nonetheless suggests that after the officers found crack cocaine on his person, arrested him and placed him in handcuffs, he could not have voluntarily consented to the search of his vehicle because the officers failed to Mirandize him. Regardless of whether Nixon consented to the search of his

3

vehicle, we find that the crack cocaine found on Nixon's person provided officers with an independent right to conduct a limited protective search of the vehicle. See Arizona v. Gant, 129 S. Ct. 1710, 1723 (2009) (holding that police may search a vehicle incident to a recent occupant's arrest if it is reasonable to believe the vehicle contains evidence of the offense of arrest). Moreover, we conclude that, under the facts of this case, the absence of Miranda warnings did not render Nixon's consent involuntary. United States v. Saenz, 474 F.3d 1132, 1137 (8th Cir. 2007); United States v. Elie, 111 F.3d 1135, 1146 (4th Cir. 1997) (recognizing that "the absence of Miranda warnings is [only] a factor to be considered in assessing whether a defendant's consent was given voluntarily"), abrogated in part on other grounds by, United States v. Sterling, 283 F.3d 216 (4th Cir. 2002).

Given the narcotics found on Nixon's person and in the passenger compartment of the vehicle he drove, the officers also had probable cause to search the vehicle's trunk under the "automobile exception" to the warrant requirement. Kelly, 592 F.3d at 589; see Gant, 129 S. Ct. at 1721 (recognizing that "[i]f there is probable cause to believe a vehicle contains evidence of criminal activity, United States v. Ross, 456 U.S. 798, 820-821 (1982), authorizes a search of any area of the vehicle in which the evidence might be found").

4

In light of the narcotics canine's alert on the safe found in the vehicle's trunk, and considering Nixon's narcotics possession, we hold that the subsequent search of the safe was also supported by probable cause. See Acevedo, 500 U.S. at 579-80 (eliminating warrant requirement for locked containers in automobiles, which require probable cause); United States v. Jeffus, 22 F.3d 554, 557 (4th Cir. 1994) (holding that a drug detection dog alert on an automobile gives rise to probable cause to search the automobile). Because we conclude that the district court correctly determined that Nixon's consent and probable cause justified the search of Nixon's person and the vehicle he drove, we conclude that the district court did not err when it denied Nixon's motion to suppress the fruits of the checkpoint search on his vehicle.

Nixon next asserts that the district court erred when it allowed the jury to hear evidence that he was taken into custody and questioned by police the day following his checkpoint arrest. According to Nixon, the evidence of his subsequent arrest was inadmissible under Rule 404(b) because it was not "inextricably intertwined" with the crimes for which he was tried and its prejudicial effect substantially outweighed its probative value.

Rule 404(b) is "an inclusive rule, admitting all evidence of other crimes or acts except that which tends to

prove only criminal disposition." United States v. Young, 248 F.3d 260, 271-72 (4th Cir. 2001) (internal quotation marks and citation omitted). To be admissible under Rule 404(b), prior bad acts evidence: (i) must be relevant to an issue other than character, such as intent; (ii) must be necessary to prove an element of the crime charged; (iii) must be reliable; and (iv) its probative value must not be substantially outweighed by its prejudicial nature. See United States v. Siegel, 536 F.3d 306, 317-21 (4th Cir. 2008).

Rule 404(b) does not limit the admission of evidence of acts intrinsic to the crime charged, however. United States v. Chin, 83 F.3d 83, 87-88 (4th Cir. 1996). "Other criminal acts are intrinsic when they are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." Id. at 88 (citation and internal quotation marks omitted). We have also recently recognized that "[e]vidence is inextricably intertwined with the evidence regarding the charged offense if it forms an integral and natural part of the witness's accounts of the circumstances surrounding the offenses for which the defendant was indicted." United States v. Wilson, -- F.3d --, 2010 WL 3495876, *6 (4th Cir. Sept. 8, 2010) (internal citation and quotation marks omitted). Rule 404(b) decisions by the district court are discretionary and will not

6

be overturned unless arbitrary or irrational. See United States v. Powers, 59 F.3d 1460, 1464 (4th Cir. 1995). We conclude that the district court's decision to admit the limited fact of Nixon's custody on the day following his checkpoint arrest was neither arbitrary nor irrational.[1] Wilson, 2010 WL 3495876 at *6.

Nixon last asserts that the district court erred when it denied his motion for judgment of acquittal on his § 924(c) conviction because he claims that nothing in his encounter with police on the day of his arrest ties his firearm possession to a drug trafficking offense. We review the denial of a Fed. R. Crim. P. 29 motion de novo. See United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). When a Rule 29 motion was based on a claim of insufficient evidence, the jury's verdict must be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal quotation marks and citations omitted). This court "ha[s] defined 'substantial evidence' as evidence that a reasonable

---

[1] We also discern no error in the district court's decision to deny Nixon's motion for a mistrial. See United States v. Wallace, 515 F.3d 327, 330-31 (4th Cir. 2008) (holding that district court did not abuse its discretion when it denied a motion for mistrial where the Government did not purposefully elicit prejudicial testimony and defense counsel did not immediately request a curative instruction).

7

finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Alerre, 430 F.3d at 693 (internal quotation marks and citations omitted).

We "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982) (citations omitted). A defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).

To convict Nixon of violating § 924(c), the Government was required to prove that Nixon: (i) committed a drug trafficking crime; and (ii) possessed a firearm in furtherance of that crime. 18 U.S.C. § 924(c)(1)(A). We have reviewed the record and conclude that, construing the evidence in the light most favorable to the Government, a reasonable finder of fact could have found beyond a reasonable doubt that Nixon possessed the firearm found by police to further his crime of possession with intent to distribute cocaine base. Cf. United States v. Lomax, 293 F.3d 701, 705-06 (4th Cir. 2002).

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

8

before the court and argument would not aid the decisional process.

AFFIRMED